IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KENNETH NEWKIRK, )
)
    Plaintiff, )
v. ) Civil Action No. 3:13CV73-HEH
)
OFFICER CHAPPELL, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
(Dismissing Civil Rights Action)

Kenneth Newkirk, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'"

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

*Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a

claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. SUMMARY OF THE COMPLAINT

Newkirk filed the Complaint[2] while confined in the Hampton Road Regional Jail. Newkirk names three individuals as defendants: Officer Chappell, Officer Gibbs, and Sergeant Holder.[3] (Compl. 2–3.) Newkirk lists seven claims in his Complaint. (*Id.* at 5.) In Claim 1, Newkirk complains that Officer Chappell "constantly says, 'No' to request forms, grievances, grievance appeal forms, and emergency grievances . . . ." (*Id.*)

---

[2] The Court has corrected the capitalization and punctuation in the quotations to Newkirk's Complaint.

[3] Newkirk mentions additional individuals in the body of the Complaint. (Compl. 5.) Newkirk, however, fails to list those individuals as defendants. (*Id.* 2–3.)

3

Newkirk contends that such actions violated his right to due process.[4] (*Id.*) In Claim 2, Newkirk complains Officer Gibbs also denied him emergency grievance forms for medical problems. (*Id.*) In Claim 3, Newkirk complains Sergeant Holder refused to move Newkirk after Newkirk was assaulted by another inmate. (*Id.*) Additionally, Newkirk contends Sergeant Holder "approached me with pepper spray" after he complained to her about a bad lunch tray. (*Id.*) In Claim 4, Newkirk complains Sergeant Nash took him out of recreation. (*Id.*) In Claim 5, Newkirk complains that, *inter alia*, Sergeant Mack broke a promise to give Newkirk a "calorie sheet." (*Id.*) In Claims 6 and 7, Newkirk contends Major Hatchett and David Simons allowed their staff to, *inter alia*, disrespect him. (*Id.*)

### A.   Misjoinder

The Federal Rules of Civil Procedure place limits on a plaintiff's ability to join multiple defendants in a single pleading. *See* Fed. R. Civ. P. 20(a). When a plaintiff seeks to bring multiple claims against multiple defendants, he must satisfy Federal Rule of Civil Procedure 20(a), which provides:

> (2) ***Defendants.*** Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

---

[4] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

4

Fed. R. Civ. P. 20(a). "The 'transaction or occurrence test' of the rule . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (citation corrected)). "But, Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee*, No. 7:03CV00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). "And, a court may 'deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of [promoting convenience and expediting the resolution of disputes], but will result in prejudice, expense, or delay.'" *Id.* (quoting *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007)).

"The Court's obligations under the PLRA include review for compliance with Rule 20(a)." *Coles v. McNeely*, No. 3:11CV130, 2011 WL 3703117, at *3 (E.D. Va. Aug 23, 2011) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to ensure that prisoners pay the required filing fees.

5

*See* 28 U.S.C. § 1915(g); *Showalter v. Johnson*, No. 7:08cv00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009)).

Here, Claims 3 through 7, do not arise out of the same transaction or occurrence and do not present common questions of law and fact to Claims 1 and 2. Moreover, permitting the joinder of Claims 3 through 7 to Claims 1 and 2 would not foster the objectives of Rule 20. Accordingly, Claims 3 through 7 will be dismissed without prejudice. *See Coles*, 2011 WL 3703117, at *4 (employing a similar procedure).

### B. Analysis of Claims 1 and 2

"[T]here is no constitutional right to participate in grievance proceedings." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Accordingly, Newkirk's assertion that his due process rights were violated by Officers Gibbs's and Chappell's interference with the grievance procedure is legally frivolous and will be dismissed.[5]

The action will be dismissed. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Sep 30, 2013
Richmond, Virginia

---

[5] Newkirk also has not alleged facts that plausibly suggest Officer Gibbs acted with deliberate indifference to Newkirk's serious medical needs by failing to provide an emergency grievance. *See Young v. City of Mount Rainer*, 238 F.3d 567, 576–77 (4th Cir. 2001).

6